UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LONNY LEE BRISTOW,<br><br>    Plaintiff,<br><br>    v.<br><br>J. GALAZ, et al.,<br><br>    Defendants. | No. ED CV 15-2248-JLS (PLA)<br><br>ORDER RE: VOLUNTARY DISMISSAL OF ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2) |

On October 13, 2015, plaintiff's state court action, filed in the Marion County Court of Common Pleas in Ohio, was removed to the United States District Court for the Northern District of Ohio. (Dkt. No. 1). On October 28, 2015, that Court transferred the action to this Court. (Dkt. No. 4). On February 5, 2016, defendants filed a Motion to Dismiss ("MTD") (Dkt. No. 24) in which they argued that the Complaint is subject to dismissal for the following reasons: (1) the state court in which plaintiff filed the action lacked jurisdiction and, upon removal, therefore, the district court acquired no jurisdiction (MTD at 2-4); (2) to the extent plaintiff's claims are grounded in tort, plaintiff has not exhausted his administrative remedies under the Federal Tort Claims Act (MTD at 4-5); (3) plaintiff has failed to effect service on defendants (MTD at 5-7); (4) the Complaint fails to state a claim upon which relief can be granted (MTD at 7-9); (5) plaintiff has been declared a vexatious litigant in the state of Ohio and is required to seek leave of court prior to "instituting legal

proceedings," "continuing any legal proceedings," or making any application" within any state court in Ohio" and there is no indication he followed these procedures before filing his Complaint in the state court (MTD at 9-10); and (6) plaintiff is forbidden from filing any civil action in federal court in forma pauperis because he has previously filed at least three frivolous actions in federal court and he may not proceed in forma pauperis in light of his three "strikes" unless he "is under imminent danger of serious physical injury." (MTD at 10-11 (citations omitted)).

On February 22, 2016, plaintiff filed a "Motion for Voluntary Dismissal Without Prejudice" in which he states that he agrees that defendants' argument regarding this Court's lack of jurisdiction has merit. (Mot. at 1). He also agrees that the case should be dismissed, but without prejudice.[1] (Mot. at 1-2). The Court construes plaintiff's Motion as a request for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) ("Rule 41").

Rule 41 allows for voluntary dismissal of an action by a plaintiff pursuant to a Court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (internal citation omitted). Unless the Court orders otherwise, such a dismissal is without prejudice. Fed. R. Civ. P. 41(a)(2). As plaintiff seeks dismissal of this action without prejudice as to all defendants in this action -- and defendants also sought dismissal of this action pursuant to their MTD -- the Court discerns no legal prejudice from dismissal of the action without prejudice.

Accordingly, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, it is hereby ordered that the instant action is **dismissed without prejudice as to all defendants**. In light of the dismissal of the action, defendants' Motion to Dismiss (Dkt. No. 24) is denied as moot.

DATED: 3/1/16

HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

---

[1] Defendants' "[Proposed] Order Granting Defendants' Motion to Dismiss" suggested the Complaint be dismissed with prejudice. (Dkt. No. 24-6).